**EXECUTION VERSION**

## LOCK-UP AGREEMENT

June 4, 2018

Drexel Hamilton, LLC
77 Water Street, Suite 201
New York, New York 10005

Re: ShiftPixy, Inc. (the "**Company**")

Ladies and Gentlemen:

The undersigned is an owner of record or beneficially of certain shares of the Company's common stock of the Company, $0.0001 par value per share ("**Common Stock**"), and/or securities convertible into, exchangeable, or exercisable for Common Stock ("**Securities**"). The Company proposes to enter into a securities purchase agreement (the "**Purchase Agreement**") with several investors identified on **Exhibit A** hereto (the "**Investors**"), which Investors are being offered the Securities through you as the placement agent, with respect to a private offering of the Company's Senior Secured Convertible Notes, due September 4, 2019 (the "**Notes**") (the "**Offering**"). The undersigned acknowledges that the Offering will be of benefit to the undersigned. The undersigned also acknowledges that each of you and the Investors will rely on the representations and agreements of the undersigned contained in this letter in connection with the Investors' decision to enter into the Purchase Agreement and their obligations thereunder and under various transaction documents related thereto.

In consideration of the foregoing and as an inducement to you as placement agent to undertake to close the Offering and to the Investors to execute the Purchase Agreement, the undersigned hereby agrees that the undersigned will not, without your prior written consent on behalf of the Investors (which consent may be withheld in your, or the Investors', sole discretion), directly or indirectly, sell, offer to sell, contract to sell, or grant any option for the sale (including without limitation any short sale), grant any security interest in, pledge, hypothecate, hedge, establish an open "put equivalent position" within the meaning of Rule 16a-1(h) under the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (collectively, the "**Exchange Act**") or otherwise dispose of or enter into any transaction which is designed to, or could be expected to, result in the disposition (whether by actual disposition or effective economic disposition due to cash settlement or otherwise by the Company or any affiliate of the Company or any person in privity with the Company or any affiliate of the Company) (collectively, a "**Disposition**") of any shares of Common Stock or any Securities currently or hereafter owned either of record or beneficially (as defined in Rule 13d-3 under the Exchange Act) by the undersigned, or publicly announce the undersigned's intention to do any of the foregoing (provided, however, that the undersigned may (i) complete one or more gift transfers of Securities to immediate family member(s) (as defined in Item 404(a) of Regulation S-K under the Exchange Act) who agree in writing to be similarly bound for the remainder of the Lock-up Period (as defined below) or (ii) transfer Securities to one or more trusts for bona fide estate planning purposes, in each case without prior written consent and upon three (3) business days' written notice to you), for a period commencing on the date hereof and continuing through the close of trading on the

date on which the Investors no longer hold the Notes issued in the Offering, subject to adjustment as discussed below (the "**Lock-up Period**").

The foregoing restrictions have been expressly agreed to preclude the holder of shares of Common Stock and/or the Securities from engaging in any hedging or other transaction which is designed to or reasonably expected to lead to or result in a Disposition of shares of Common Stock or Securities during the Lock-up Period, even if such shares of Common Stock or Securities would be disposed of by someone other than such holder.  Such prohibited hedging or other transactions would include, without limitation, any short sale (whether or not against the box) or any purchase, sale, or grant of any right (including, without limitation, any put or call option) with respect to any shares of Common Stock or Securities or with respect to any security (other than a broad-based market basket or index) that includes, relates to, or derives any significant part of its value from shares of Common Stock or Securities.

The undersigned also agrees and consents to the entry of stop transfer instructions with the Company's transfer agent and registrar against the transfer of shares of Common Stock or Securities held by the undersigned except in compliance with the foregoing restrictions.

The undersigned understands that each of the Investors is entering into the Purchase Agreement and proceeding with the Offering in reliance upon this Lock-Up Agreement.

This Lock-up Agreement is irrevocable and will be binding on the undersigned and the respective successors, heirs, personal representatives, and assigns of the undersigned.

This Lock-Up Agreement shall be governed by, and construed in accordance with, the laws of the State of New York.

Nothing in this Lock-up Agreement shall constitute an obligation by the placement agent or the Investors to purchase shares of Common Stock or Securities of the Company.  Whether or not the Offering actually occurs depends on a number of factors, including market conditions.  Any Offering will only be made pursuant to the Purchase Agreement, the terms of which are subject to negotiation among the parties thereto.

[Signature Page Follows]

The undersigned hereby represents and warrants that the undersigned has full power and authority to enter into this Lock-Up Agreement and that, upon request, the undersigned will execute any additional documents necessary in connection with the enforcement hereof.  All authority herein conferred or agreed to be conferred and any obligations of the undersigned shall be binding upon the successors, assigns, heirs or personal representatives of the undersigned.

Very truly yours,

J. Stephen Holmes
Printed Name of Holder

By: _____
        Signature

J. Stephen Holmes, Individually
Printed Name of Person Signing
(and indicate capacity of person signing if
signing as custodian, trustee, or on behalf
of an entity)

cc:     Transfer Agent

3

**<u>Exhibit A</u>**

**Investors in the Offering**

[TBD]

# Signature Certificate



 **Document Reference:**  UGV7P7JA4LP5FJIGXAJBS7



**J. Stephen Holmes**
Party ID: ABLUWRIY7IBN6TRFPTD3C4
IP Address: 174.222.13.17

| VERIFIED EMAIL: | steve.holmes@shiftpixy.com |

Electronic Signature:



| Multi-Factor<br>**Digital Fingerprint Checksum** | ac32aa39b362e1dddd326731ada01b5451d83fec | |

| Timestamp | Audit |
| --- | --- |
| 2018-06-06 13:25:15 -0700 | All parties have signed document. Signed copies sent to: J. Stephen Holmes and Mark Absher. |
| 2018-06-06 13:25:15 -0700 | Document signed by J. Stephen Holmes (steve.holmes@shiftpixy.com) with drawn signature. - 174.222.13.17 |
| 2018-06-06 13:23:36 -0700 | Document viewed by J. Stephen Holmes (steve.holmes@shiftpixy.com). - 174.222.13.17 |
| 2018-06-06 08:54:09 -0700 | Document created by Mark Absher (mark.absher@shiftpixy.com). - 12.110.74.226 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**