UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MEF I, LP, | : | |
| | | 19 Civ. 8019 (PGG) |
| Plaintiff and Counter-Defendant, | : | |
| | | **ANSWER AND AFFIRMATIVE** |
| - against - | : | **DEFENSES TO CLAIMS OF** |
| | | **PLAINTIFF MEF I, LP AND** |
| SHIFTPIXY, INC., | : | **COUNTERCLAIM OF** |
| | | **COUNTER-DEFENDANT** |
| Defendant and Counter-Plaintiff. | : | **SHIFTPIXY, INC.** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant and counter-plaintiff ShiftPixy, Inc. ("ShiftPixy"), by its attorneys identified below, for its answer and affirmative defenses ("answer") to the complaint and its claims for relief (the "Complaint") of plaintiff and counter-defendant MEF I, LP ("MEF") states as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Admits the truth of the allegations contained in paragraph "2" of the Complaint, except denies that a substantial part of the events giving rise to the claims asserted herein occurred within the Southern Judicial District of New York.

3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Admits the truth of the allegations contained in paragraph "4" of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies the truth of the allegations contained in paragraph "6" of the Complaint, and respectfully refers the Court to the instrument identified there for its full content and legal effect.

7. Denies the truth of the allegations contained in paragraph 7" of the Complaint.

8. Denies the truth of the allegations contained in paragraph "8" of the Complaint, and respectfully refers the Court to the instruments identified there for their full content and legal effect.

9. Denies the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint, and respectfully refers the Court to the instruments identified there for their full content and legal effect.

11. Denies the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint, and respectfully refers the Court to the instruments identified there for their full content and legal effect.

15. Denies the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint, and respectfully refers the Court to the instrument identified there for its full content and legal effect.

17. Denies the truth of the allegations contained in paragraph "17" of the Complaint.

18. Admits the truth of the allegations contained in paragraph "18" of the Complaint.

19. Admits the truth of the allegations contained in paragraph "19" of the Complaint.

20. Admits the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies the truth of the allegations contained in paragraph "22" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for its full content and legal effect.

23. Denies the truth of the allegations contained in paragraph "23" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for its full content and legal effect.

24. Denies the truth of the allegations contained in paragraph "24" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for its full content and legal effect.

25. Denies the truth of the allegations contained in paragraph "25" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for its full content and legal effect.

26. Denies the truth of the allegations contained in paragraph "26" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for its full content and legal effect.

27. Denies the truth of the allegations contained in paragraph "27" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for its full content and legal effect.

28. Denies the truth of the allegations contained in paragraph "28" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for their full content and legal effect.

29. Denies the truth of the allegations contained in paragraph "29" of the Complaint, and respectfully refers the Court to the provisions of the instrument identified there for their full content and legal effect.

30. Denies the truth of the allegations contained in paragraph "30" of the Complaint, and respectfully refers the Court to the provisions of the instruments identified there for their full content and legal effect.

31. Denies the truth of the allegations contained in paragraph "31" of the Complaint.

32. Denies the truth of the allegations contained in paragraph "32" of the Complaint.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Denies the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies the truth of the allegations contained in paragraph "35" of the Complaint.

36. Denies the truth of the allegations contained in paragraph "36" of the Complaint, and respectfully refers the Court to the Form 8-K identified there for its full content and legal effect.

37. Denies the truth of the allegations contained in paragraph "37" of the complaint.

38. Denies the truth of the allegations contained in paragraph "38" of the Complaint.

39. Admits the truth of the allegations contained in paragraph "39" of the Complaint.

40. Denies the truth of the allegations contained in paragraph "40" of the Complaint.

41. Denies the truth of the allegations contained in paragraph "41" of the Complaint, and respectfully refers the Court to the instruments identified there for their full content and legal effect.

42. Repeats the answers given above in response to paragraphs "1" through "41" of the Complaint as if fully set forth at length here in response to paragraph "42" of the Complaint.

43. Denies the truth of the allegations contained in paragraph "43" of the complaint.

44. Denies the truth of the allegations contained in paragraph "44" of the complaint.

45. Repeats the answers given above in response to paragraphs "1" through "41" of the Complaint as if fully set forth at length here in response to paragraph "45" of the Complaint.

46. Denies the truth of the allegations contained in paragraph "46" of the complaint.

47. Denies the truth of the allegations contained in paragraph "47" of the complaint.

48. Repeats the answers given above in response to paragraphs "1" through "41" of the Complaint as if fully set forth at length here in response to paragraph "48" of the Complaint.

49. Denies the truth of the allegations contained in paragraph "49" of the Complaint, and respectfully refers the Court to the instrument identified there for its full content and legal effect.

50. Denies the truth of the allegations contained in paragraph "50" of the Complaint, and respectfully refers the Court to the instruments identified there for their full content and legal effect.

51. Denies the truth of the allegations contained in paragraph "51" of the Complaint, and respectfully refers the Court to the instrument identified there for its full content and legal effect.

52. Denies the truth of the allegations contained in paragraph "52" of the Complaint, and respectfully refers the Court to the instrument identified there for its full content and legal effect.

53. Denies the truth of the allegations contained in paragraph "53" of the Complaint.

54. Denies the truth of the allegations contained in paragraph "54" of the Complaint.

55. Denies the truth of the allegations contained in paragraph "55" of the Complaint.

56. Denies the truth of the allegations contained in paragraph "56" of the Complaint.

57. Denies the truth of the allegations contained in paragraph "57" of the Complaint.

58. Denies the truth of the allegations contained in paragraph "58" of the Complaint.

**Affirmative Defenses**

59. Injunctive relief sought by MEF is barred by the doctrine of unclean hands.

60. The remedy of receivership sought by MEF is barred by the doctrine of unclean hands.

61. MEF's damages claims are wildly exaggerated and based on a blatant misreading of the relevant instruments.

62. To the extent MEF engaged in illegal conduct, its claims are barred.

63. To the extent MEF engaged in fraud, its claims are barred.

64. MEF's claims are barred by payment.

65. MEF's claims are barred by failure of consideration.

## COUNTERCLAIM

As and for its counterclaim against plaintiff and counter-defendant MEF I, LP ("MEF") defendant and counter-plaintiff ShiftPixy, Inc. ("ShiftPixy") alleges:

### Jurisdiction

1. Upon information and belief, the subject matter jurisdiction of this Court over this counterclaim rests upon 28 U.S.C. § 1331(a)(2) in that MEF is a citizen of the States of Delaware and New York, as well as of the states where its limited partners are domiciled, ShiftPixy is a citizen of the States of Wyoming and California, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, all as hereinafter more fully appears. The subject matter jurisdiction of this Court also rests on 28 U.S.C. § 1367(c), in that the claims asserted in this counterclaim are so related to the claims asserted in this action by MEF in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution, all as hereinafter more fully appears.

### Parties

2. ShiftPixy is a corporation duly organized and existing under the laws of the State of Wyoming and having its principal place of business in Irvine, California.

3. Upon information and belief, MEF is a Delaware limited partnership with its principal place of business in New York, New York. The identity of the limited partners of MEF is not known to ShiftPixy.

**Factual Allegations Common to All Claims for Relief of the Counterclaim**

4. ShiftPixy is an early stage technology-based specialized staffing and human capital management service provider that offers solutions for large contingent part-time workforce demands, primarily in the restaurant, hospitality and maintenance service trades.

5. ShiftPixy is a publicly-held company; ShiftPixy's shares are listed and trade on the NASDAQ stock exchange.

6. In June 2018 ShiftPixy sold a senior secured convertible note to MEF in the principal amount of $2,500,000 (the "June 2018 Note") with an issuance date of June 4, 2018.

7. As a result of certain technical defaults under the June 2018 Note, ShiftPixy entered into an agreement with MEF pursuant to which ShiftPixy issued to it an 8% senior secured convertible note in the principal amount of $222,222.22 (the "December 2018 Note"). The December 2018 Note has identical terms to the June 2018 Note. (The June 2018 Note and December 18 Note are each individually referred to here as a Note and together are referred to as the "Notes.")

8. The June 2018 Note was purchased at a price discounted to its principal amount, to wit $2,250,000.

9. The June 2018 Note matures September 4, 2019 and the December 2018 Note matures the same day.

10. The Notes bear interest at the rate of 8% (eight percent) per annum.

11. At the time it sold the Notes to MEF, and on identical terms, ShiftPixy also sold senior secured convertible notes to other investors, to wit, CVI Investments, Inc.; Alpha Capital Anstalt; Dominion Capital LLC; and Osher Capital Partners, LLC.

12. The aggregate initial principal balance under the June 2018 Notes (to all investors including MEF) was $10,000,000.

13. The aggregate initial principal balance under the December 2018 Notes (to all investors including MEF) was $888,888.88.

14. Generally, the unpaid principal amount of a Note, together with accrued interest (and an additional amount called a "Make Whole Amount"), was convertible, on demand of the noteholder, into common shares of ShiftPixy at a price calculated under the express terms and conditions thereof (the "conversion price").

15. Under the June 2018 Note, the conversion price is $2.49. That conversion price is subject to adjustment from and after the maturity date of the Note, September 4, 2019.

16. MEF has made a series of conversion demands under the June 2018 Note.

17. With respect to each such demand, MEF demanded issuance by ShiftPixy of what was represented by MEF to be the number of shares to which it was entitled under the Note.

18. In each such case, MEF made the demand using a conversion price that it purportedly had derived from the terms and conditions of the Note but that was not applicable at the date of the demand, and was only applicable after the maturity date of the Note.

19. In response to MEF's conversion demands, ShiftPixy issued and delivered to MEF the number of common shares it had demanded. That number of shares was in excess of the number of shares to which MEF was entitled and that ShiftPixy was obligated to issue to it.

20. ShiftPixy only recently discovered that MEF had used the wrong conversion price in making its demands.

21. In order to account for the issuance of these excess shares, ShiftPixy was required to incur professional fees and related sums.

22. ShiftPixy was injured by the issuance and delivery of these excess shares in an amount to be proven herein, but believed to exceed Six Hundred Thousand Dollars ($600,000.00).

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

23. Counter-plaintiff ShiftPixy repeats and realleges each allegation contained in paragraphs "1" through "22" of its counterclaim as if fully set forth at length herein as paragraph "26" hereof.

24. MEF received shares pursuant to its improper demands that it should not have received in conformity with the June 2018 Note.

25. MEF has sold the ShiftPixy shares it received from its improper and extra-contractual demands on the public market, and has received therefor an amount currently unknown to ShiftPixy, but believed to exceed.

26. By reason of the foregoing, MEF has breached the terms and conditions of the June 2018 Note.

27. ShiftPixy is entitled to recover its damages resulting from that breach in such amount as may be proven but which ShiftPixy believes exceed Six Hundred Thousand Dollars ($600,000.00).

28. ShiftPixy's damages are a set-off as against any money damages MEF seeks in this action, and accordingly reduce those damages if its damages are less than MEF's

11

damages; to the extent ShiftPixy's damages exceed the damages amounts MEF has sought in or has received pursuant to this action, or exceed the amounts ShiftPixy was required to repay under the Notes and has in fact repaid, whether by payment of cash or issuance and delivery of its common shares, MEF must pay ShiftPixy that excess amount.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

29. Counter-plaintiff ShiftPixy repeats and realleges each allegation contained in paragraphs "1" through "28" of its counterclaim as if fully set forth at length herein as paragraph "29" hereof.

30. By reason of the foregoing, MEF has been enriched in a sum equal to the share price of the excess shares issued and transferred as of the date of delivery thereof.

31. This enrichment was at ShiftPixy's expense.

32. Equity and good conscience militate against permitting MEF to retain this enrichment.

33. ShiftPixy is entitled to recover the amount of this enrichment from MEF.

WHEREFORE, counter-plaintiff ShiftPixy demands judgment (a) against counter-defendant MEF on its claims dismissing such claims, assessing ShiftPixy's attorney's fees and costs and disbursements incurred in connection with such claims and this action against MEF as provided in the Notes, and awarding it such other and further relief which the Court may deem just and proper in the circumstances, and (b) on ShiftPixy's counterclaims awarding it damages in such amount as may be proven in this action, together with pre- and post-judgment interest, the costs and disbursements of this action, ShiftPixy's attorney's fees and costs incurred in connection with this action as provided in the Notes, and awarding it such other and further relief which the Court may deem just and proper in the circumstances.

Dated: Cornwall-on-Hudson, New York
September 25, 2019

| | |
|---|---|
| KARLINSKY LLC | FITZGERALD YAP KREDITOR LLP |
| 103 Mountain Road | 2 Park Plaza, Suite 850 |
| Cornwall-on-Hudson, New York 12520 | Irvine, California 92614 |
| (646) 437-1430 | (949) 788-8900 |
| Martin E. Karlinsky, Esq. | Michael J. Fitzgerald, Esq. |
| Bonnie H. Walker, Esq. | John C. Clough, Esq. |
| | |
| martin.karlinsky@karlinskyllc.com | mfitzgerald@fyklaw.com |
| bonnie.walker@karlinskyllc.com | jclough@fyklaw.com |

*Attorneys for Defendant and Counter-Plaintiff ShiftPixy, Inc.*