PAUL A. RACHMUTH
ATTORNEY AT LAW
265 SUNRISE HIGHWAY, SUITE 62
ROCKVILLE CENTRE, NEW YORK  11570
TELEPHONE: (516) 330-0170    PAUL@PARESQ.COM    FACSIMILE: (516) 543-0516

December 18, 2019

<u>Via ECF Filing</u>

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:   *MEF I, LP v. ShiftPixy, Inc.*, 19 Civ. 8019 (PGG)
      <u>Reply to Defendant's Letter Dated December 17, 2019</u>

Dear Hon. Gardephe:

I represent MEF I, LP, the Plaintiff in this matter.  The Defendant, ShiftPixy, Inc.'s letter dated December 17, 2019 ("<u>Defendant's Letter</u>") calls the Court's attention to the Defendant's recent SEC filings and infers that they reflect in its favor with respect to the Plaintiff, MEF I, LP's pending motion to for a preliminary injunction and to appoint a receiver.  It the Plaintiff's opinion that the opposite is true; the filings provide yet another reason why the appointment of a receiver is both justified and necessary.

The Form 8-K filed by the Defendant on December 6, 2019 (Defendant's Letter Attachment 3), describes another willful and flagrant violation of the Security Purchase Agreement and Notes.  Specifically, Defendant is prohibited from modifying any one of the investors' agreements without offering the same treatment to the other investors.  See Security Purchase Agreement §4.14 ("No consideration (including any modification of any Transaction Document) shall be offered or paid to any Person to amend or consent to a waiver or modification of any provision of the Transaction Documents unless the same consideration is also offered to all of the parties to such Transaction Documents."); Notes §9 (requiring the consent of at least 80% of the noteholders for the disparate repayment or repurchase of any of the notes).

In light of the Defendant's admitted defaults under the Notes and continued willful violation of the parties' agreements, I respectfully request this Court grant the Plaintiff's motion for a preliminary injunction and the appointment of a receiver.

Respectfully Submitted

Paul Rachmuth

Cc: Martin E. Karlinsky (via ECF)