

January 10, 2020

**VIA ECF (Filed in Both Referenced Cases)**

Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

> Re:  *MEF I, LP v. ShiftPixy, Inc.*, 19 Civ. 8019 (PGG) (the "MEFI Action"); *Dominion Capital LLC v. ShiftPixy, Inc.*, 19 Civ. 6704 (PGG) (the "Dominion Action")

Dear Judge Gardephe:

We represent defendant ShiftPixy, Inc. ("ShiftPixy") in these actions.  I am writing, in compliance with the Court's January 9, 2020 order, to respond to the January 8 letter motion of counsel for plaintiff MEF I, LP ("MEFI") in the MEFI Action, and to the letter motion of the same date of counsel for plaintiff Dominion Capital LLC ("Dominion") in the Dominion Action. The Court has scheduled a conference to address the subject of those motions for Tuesday, January 14, at 11:00 a.m.

We have several points in response to these letter motions.  The bottom line, however, can be stated simply – the implication that ShiftPixy has done something wrongful in the transaction described in its January 3, 2020 SEC Form 8-K and its January 7, 2020 press release is misguided and erroneous.  To the contrary, ShiftPixy has, through an asset sale of what was essentially a legacy business line, effected a recapitalization of the company in the interest of all interest-holders, whether equity holders or debt holders.  And, importantly, while there are many compelling, legitimate business reasons for ShiftPixy to have executed the transaction, one of those reasons is to put itself in a position in which it can resolve all litigation with its senior noteholders while satisfying its obligations to those noteholders, either those imposed by the notes themselves or by reason of the judgments entered or to be entered in the Dominion Action and in the related case of *Alpha Capital Anstalt v. ShiftPixy, Inc.*, 19 Civ. 6199 (PGG).

With respect to the letter motions, we make the following specific points.  *First*, if either MEFI or Dominion wish to move for relief based on this transaction, they are of course permitted to do so by the Federal Rules of Civil Procedure.  ShiftPixy may choose to oppose those motions, but if it does so it will do so in a context and manner that will serve the common litigation goals of *all* the parties to these cases – to satisfy ShiftPixy's obligations, to preserve plaintiffs' rights and



Honorable Paul G. Gardephe
United States District Judge
January 10, 2020
Page 2

satisfy indebtedness under their notes and related agreements (by payment in stock or in cash as appropriate), and to terminate all litigation before this Court arising from those notes.

*Second*, MEFI appears to believe that a default under the notes it holds entitles it to "take control over [ShiftPixy's] assets." It does not. MEFI has a claim for under $1 million (not the almost $2 million it claims in the MEFI litigation), and its rights with respect to ShiftPixy's "assets" (whether those assets consist of the cash proceeds of the challenged transaction or otherwise) are limited to that indebtedness. ShiftPixy stands ready to address that liability with MEFI, and indeed has already been discussing a resolution with it. Whether it uses cash from the transaction or other assets should be of no consequence to MEFI. In this same connection, MEFI appears to suggest that it would seek to enjoin *any* transfer of *any* part of the asset sale proceeds. Again, its rights are limited to ShiftPixy's indebtedness to it, and any mandatory injunctive relief granted by the Court should be equally so limited. MEFI's assertion is classic overreach. (With respect to the extent of ShiftPixy's liability to MEFI, ShiftPixy intends to present a proposed order to show cause to the Court, if at all possible before Tuesday's conference.)

*Third*, while both Dominion and MEFI appear to contend that ShiftPixy intended to evade lawful obligations, or worse to disobey some order of this Court, whether in letter or in spirit. Thus, Dominion claims that "ShiftPixy's actions appear deliberately taken with disregard for" the Court's determination whether to accept the magistrate judge's recommendation with respect to Dominion's summary judgment motion (now in any event rendered moot by the Court's order today accepting that recommendation), and MEFI's currently *sub judice* motion to have itself appointed as a receiver of *all* ShiftPixy's assets and enjoin ShiftPixy from any act that would interfere with that putative receivership. These assertions are intended only to poison the Court's view of ShiftPixy; they serve no purpose and are not true. Once again, the transaction of which these plaintiffs complain is, in the last analysis, beneficial to them. It is difficult to understand why they are nonetheless complaining in such an inflammatory manner and with meaningless rhetoric.

*Fourth*, in connection with all of the foregoing complaints, we must point out that neither of these plaintiffs *ever* sought temporary restraining orders to prevent the type of action they now complain of, and to the extent that they sought preliminary injunctive relief, the Court has to this date correctly denied such relief. (The Court has yet to decide MEFI's pending motion; it is ShiftPixy's position that MEFI is not entitled to the relief it seeks on that motion.)

*Finally*, as an officer of this Court I believe that our client, ShiftPixy, has been acting in a responsible manner to resolve difficult financial management issues, and that its recent action cannot remotely be characterized as in bad faith. It has done what it has done to serve the

KARLINSKY LLC

Honorable Paul G. Gardephe
United States District Judge
January 10, 2020
Page 3

community of interests it answers to – its debtholders, its public stockholders, its corporate employees, its clients, its worksite contract workers, and of course its own management.

We stand ready to assist in any way to resolve these issues before the Court on Tuesday morning. Should the Court have questions before that conference, or wish us to consult with our client on a particular matter, we would hope that the Court might communicate that to us so that we may prepare adequately.

                                      Respectfully,

                                      Martin E. Karlinsky

MEK/ks

cc:    Paul A. Rachmuth, Esq. (via ECF)
        Attorney for Plaintiff in the MEFI Action

        Peter R. Ginsberg, Esq. (via ECF)
        David E. Danovich, Esq. (via ECF)
        Attorneys for Plaintiff in the Dominion Action

KARLINSKY LLC